IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN L. MENDEZ, et al. | : CIVIL ACTION |
| v. | : |
| ONE OF THE CONNECTED WIRED SOLDIERS OF THE CRIMINAL ORGANIZATION, et al. | : NO. 12-5871 |

MEMORANDUM

JONES, J.                                                          DECEMBER 6, 2012

    Ivan L. Mendez, a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this civil rights action, apparently pursuant to 42 U.S.C. § 1983. Currently before the Court is plaintiff's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g) without prejudice to plaintiff reinstating the case by paying the filing fee.

    According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Plaintiff had accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. See Mendez v. State of Del., 3d Cir. C.A. No. 12-1459 (order entered Aug. 14, 2012) (listing prior cases and treating

plaintiff as a "three-striker"); <u>Mendez v. Del. Psychiatric Ctr.</u>, 3d Cir. C.A. No. 09-4693 (order entered Mar. 16, 2010) (denying leave to proceed <u>in forma pauperis</u> on appeal pursuant to 28 U.S.C. § 1915(g)). Accordingly, plaintiff may not proceed <u>in forma pauperis</u> unless he was in imminent danger of serious physical injury at the time he filed his complaint.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." <u>Gibbs v. Cross</u>, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). Furthermore, "vague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger. <u>Brown v. City of Phila.</u>, 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam).

The complaint is difficult to read an unclear. The only claim arguably raised by plaintiff's factual allegations is that he was denied access to the courts because the mail room at the facility where he is incarcerated lost or caused him to lose some legal forms or documents. However, nothing in the complaint reflects that plaintiff was in imminent danger of serious physical injury at the time he filed this action. Accordingly, the Court will deny his motion to proceed <u>in forma pauperis</u> without prejudice to his reinstating this case by paying the filing fee. An appropriate order follows.